GOLDEN *v.* STATE.

April 5, 1954

No. 39032　　　59 Adv. S. 24　　　71 So. 2d 476

*Robertson Horton,* Winona, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant, G. L. Golden, was indicted under Code Section 2013 for aiming a pistol, etc., at Elliott Clark, not in self defense and not in the lawful discharge of official

duty, and of shooting Clark. He was convicted by the jury. ■■■ The evidence was overwhelmingly sufficient.

Appellant assigns as error the refusal of the lower court to sustain a motion for change of venue. Three indictments were returned against appellant at the term of court when he was tried. The jurors were in the court room when appellant was arraigned on all three indictments and heard them read. Pictures of appellant's wife, showing burns alleged in one of the indictments as having been inflicted by appellant on his wife with a red hot poker, hung in the sheriff's office in public view for about two weeks prior to the trial. ■■■ The granting of a change of venue is a matter largely in the discretion of the trial judge. It is not shown that there was any abuse of this discretion in this case. Musselwhite v. State, 212 Miss. 526, 54 So. 2d 911; Brooks v. State (Miss.), 52 So. 2d 616.

The other assignments of error all hinge on the contention that the State failed to prove that appellant was not acting in the lawful discharge of official duty, one of the engrafted exceptions to Section 2013. While it is true that no witness was asked the direct question whether appellant was acting in discharge of official duty, the jury was fully warranted in finding that he was not so acting. The proof showed that appellant and six others were in a house at a late hour on Saturday night. Drinking and gambling were the main attractions. Appellant admitted he was drinking but was not actively engaged in gambling when the trouble started. The shooting grew out of an argument. The argument had its genesis in the gambling. The appellant testified, and his whole defense was based on self-defense, which the jury rejected. Appellant was quoted by one of the State's witnesses as saying, just before the shooting, "Get back and sit down; they are going to gamble down there and nobody is leaving out of this house until every penny is put back down on the floor." ■■■ It was overwhelm-

ingly evident that appellant was not discharging a lawful duty.

Affirmed.

*McGehee, C. J.*, and *Lee, Arrington*, and *Ethridge, JJ.*, concur.